IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS D. MOORE, #71174,  )<br>  )<br>            Plaintiff,   )<br>  )<br>vs.   )<br>  )<br>MADISON COUNTY JAIL    )<br>and GARY BOST,   )<br>  )<br>            Defendants.   ) | Case No. 15-cv-00003-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On January 5, 2015, Plaintiff filed a complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 against the Madison County Jail and Jail Superintendent Gary Bost. In the complaint, Plaintiff claimed that he was subjected to unconstitutional conditions of confinement at the Jail. The complaint did not survive threshold review under 28 U.S.C. § 1915A because it failed to state a claim upon which relief may be granted against either of the defendants. Accordingly, the Court dismissed the complaint on February 5, 2015 (Doc. 6). However, the dismissal was without prejudice to Plaintiff filing an amended complaint on or before March 12, 2015 (Doc. 6, p. 6). The deadline has now passed, and Plaintiff has not filed an amended complaint. He has also failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's pending motion for leave to proceed *in forma pauperis* (Doc. 5) shall be addressed in a separate Order of this Court.

Plaintiff's pending motion for recruitment of counsel (Doc. 3) is hereby **DENIED** as **MOOT**.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. P. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 26, 2015**

> *s/ J. Phil Gilbert*
> United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).